Re: ECF No. 35
PETER J. PHIPPS, UNITED STATES DISTRICT JUDGE
This dispute arises over responses to eight requests for admission that were served 18 days late. By operation of Federal Rule of Civil Procedure 36(a)(3), untimely responses to requests for admission constitute admissions. The issue here is not whether the requests for admission are admitted - they are presently - but whether a motion to withdraw and amend those admissions through subsequent responses should be granted. For the reasons set forth below and on the facts presented here, the motion to withdraw and amend is granted.
BACKGROUND
This discovery dispute takes place in the context of a lawsuit over the construction of a gas pipeline. Defendant EQM Gathering OPCO, LLC, a Delaware Corporation, with a principal place of business in Pittsburgh, Pennsylvania, solicited bids for two pipeline construction projects, referred to as Segment A and Segment D. See Compl. ¶¶ 5-8, ECF No. 1 (Feb. 6, 2018); id. ¶ 2; Answer ¶ 2, ECF No. 20 (July 5, 2018). Plaintiff C.J. Hughes Construction Company, Inc., a West Virginia corporation with a principal place of business in Huntington, West Virginia, submitted bids for those projects, and defendant issued purchase orders for those pipeline construction projects to plaintiff. See Compl. ¶¶ 9-11; id. ¶ 1; Answer ¶ 1. Plaintiff claims that the purchase orders entailed more labor and expense than indicated on defendant's requests for proposals: the pipeline projects required more fittings than specified; the pipe walls were thicker than represented; and defendant's inspectors imposed additional requirements. See Compl. ¶¶ 12-24. With an amount in controversy in excess of $ 75,000, plaintiff commenced this suit under diversity jurisdiction, see 28 U.S.C. § 1332, for breach of contract, for violation of the Pennsylvania Contractor and Subcontractor Payment Act, and alternatively for unjust enrichment. See Compl. ¶¶ 25-54. Defendant raises several defenses, going to the scope of plaintiff's obligations under the purchase orders as well as to the quality of the work plaintiff provided. See Answer, Aff. Def. ¶¶ 1-16.
Discovery in this case is ongoing. Although it was originally scheduled to close on February 4, 2019, upon defendant's motion, ECF No. 33, discovery has been extended by 45 days, until March 21, 2019. See Order, ECF No. 34 (Dec. 18, 2018).
The present controversy stems from defendant's untimely response to eight requests for admission served by plaintiff on November 1, 2018. See Def.'s Mot., Ex. 1, ECF No. 35-1 (Dec. 21, 2018). Defendant's responses to those requests for admission were due by December 3, 2018. See Fed. R. Civ. P. 36(a)(3). A week after the responses were due, defendant's counsel contacted plaintiff's counsel to request an extension of time. The next day, plaintiff's counsel declined and noted that untimely responses to requests for admission constitute *488 admissions. Ten days later, defendant served responses to the eight requests for admission on plaintiff, see Def.'s Mot., Ex. 2, ECF No. 35-2 (Dec. 21, 2018), and filed a motion to withdraw or amend its deemed admission, ECF No. 35.
The issue has been fully briefed. See Def.'s Mot., ECF No. 35; Pl.'s Opp., ECF No. 36 (Jan. 4, 2019); Def.'s Reply, ECF No. 40 (Jan. 8, 2019); Pl.'s Surreply, ECF No. 43 (Jan. 14, 2019). In their briefing, the parties present several issues.
Defendant asks the Court for permission to amend its responses. Defendant starts by contextualizing the missed deadline, culminating in the following explanation:
Defendant['s] failure to respond to the Requests to Admit in a timely manner was due to the inadvertent failure of counsel for the Defendant to docket the response date, together with commencement of travel within 2 days of receipt of the Requests to Admit, and 22 days of travel and the observance of the Thanksgiving holiday during that period.
Def.'s. Mot. at 2, ¶ 10, ECF No. 35. Defendant also contends that the merits of the lawsuit are implicated, with the requests for admission covering more than 90% of plaintiff's total claim. See Def.'s Reply at 2, ECF No. 40. In addition, defendant argues that plaintiff is not prejudiced by the 18-day delay because "nothing occurred during the interval between the due date and the service of the Responses ... and discovery is not closed." Id. at 6. In short, defendant submits that "the short delay in receipt of the responses to the Requests to Admit does not prejudice the Plaintiff, and will promote the presentation of the merits of the disputes presented in this lawsuit." Def.'s. Mot., at 4, ¶ 19, ECF No. 35.
Plaintiff opposes defendant's motion on several grounds. Plaintiff contends that treating defendant's untimely responses as admissions "would not eliminate a presentation of the merits of the case," Pl.'s Opp. at 1, ECF No. 36, because the "requests focus on discrete issues, rather than broad attempts to have [defendant] admit full liability for all claims." Id. at 3; see also Pl.'s Surreply at 1, ECF No. 43. Plaintiff further submits that it would be prejudiced by the 18-day delay because defendant did not seek an extension "until after the deadline passed," because defendant "waited nearly two additional weeks to respond to the requests," and because defendant "has repeatedly demonstrated a conscious disregard for its discovery obligations." Pl.'s Opp. at 3-4, ECF No. 36; see also Pl.'s Surreply at 4-5, ECF No. 43.
ANALYSIS
The procedural framework for requests for admissions is straightforward. Responses to requests for admission are due within 30 days of service. See Fed. R. Civ. P. 36(a)(3). If no response is provided, then the requests are deemed admitted, see id. , but only for purposes of the litigation, and not "for any other purpose," and the admission cannot "be used against the party in any other proceeding." Id. 36(b). Thus, by not responding timely to plaintiff's requests for admissions, defendant is deemed to have admitted those statements for purposes of this case.
The present controversy relates to defendant's effort to substitute denials and qualified admissions for its deemed admissions. Under Rule 36, the court may permit withdrawal or amendment of an admission if it would (i) promote presentation of the merits of the action and (ii) not prejudice the party that served the request for admission. See Fed. R. Civ. P. 36(b) ("[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining *489 or defending the action on the merits."); see also Pritchard v. Dow Agro Sciences , 255 F.R.D. 164, 172-74 (W.D. Pa. 2009).[1] Both elements of Rule 36(b) are satisfied here.
As to the first element, granting defendant's motion promotes the presentation on the merits. According to defendant, the requests implicate 90% of plaintiff's total claim in this case, and the parties disagree about the truth of the statements deemed admitted. See Def.'s Reply at 2, ECF No. 40. Plaintiff counters that other contested issues remain in this case. See Pl.'s Surreply at 3, ECF No. 43. But in light of the substantive impact of these admissions, this case is more fairly presented on the merits by permitting defendant to withdraw its admissions and amend its responses.
Plaintiff argues that such a result diminishes the automatic operation of the 30-day deadline for responding to requests for admission - at least for admissions regarding the most significant issues in a case. See id. There is some truth to that. The more that a party seeks prove through admission, the more easily the opposition will be able to satisfy the first Rule 36(b) element. But that outcome is consistent with the thrust of the civil rules, which prefer adjudication on the merits. See United States v. $8,221,877.16 in U.S. Currency , 330 F.3d 141, 161-62 (3d Cir. 2003) (noting "the sanction of dismissal [as a discovery sanction] is disfavored" and recommending "the resolution of any doubts in favor of adjudication on the merits"); Harad v. Aetna Cas. & Sur. Co. , 839 F.2d 979, 982 (3d Cir. 1988) ("[T]his Court has adopted a policy of disfavoring default judgments and encouraging decisions on the merits."); Hritz v. Woma Corp. , 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). Thus, it comes as no surprise that a court in this District has previously observed that "the first prong would virtually always be satisfied." Wylie v. TransUnion, LLC , 2017 WL 4357981, at *3 n.3 (W.D. Pa. Sept. 29, 2017).[2]
But even with that low threshold, a motion that satisfies the first element may be denied for failure to satisfy the second element. See, e.g., *490 Wylie , 2017 WL 4357981 at *4 ; Spanish Peaks Lodge, LLC v. KeyBank Nat'l Ass'n , 2012 WL 13028667, at *2 (W.D. Pa. Mar. 22, 2012).
In this case, the second element - lack prejudice to the requesting party - is satisfied. As explained in treatise, "[t]he reference to 'prejudice' in Rule 36(b) is to the prejudice stemming from reliance on the binding effect of the admission." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2264 (3d ed. Nov. 2018 update). Plaintiff argues that had defendant timely submitted its responses, plaintiff would have likely spent those days conducting depositions. See Pl.'s Surreply at 4-5, ECF No. 43. Even if plaintiff would have been able to notice those depositions within that time frame, the delay at issue - 18 days - was minimal, and it did not materially inhibit the progress of discovery. To the contrary, defendant successfully moved to extend discovery 45 days during that 18-day period, providing plaintiff with more time than previously to take depositions based on defendant's responses. Moreover, by way of hypothetical benchmark, had defendant moved for an 18-day extension of time to accommodate counsel's travel and vacation before the response deadline, that motion would likely have been granted because no prejudice would have been foreseeable. Finally, several courts have concluded on similar facts that there is no prejudice from delays of similar duration before the close of discovery. See, e.g., Pritchard , 255 F.R.D. at 174 (granting motion before close of discovery when party served responses less than seven days late).[3] Accordingly, plaintiff is not unfairly prejudiced by permitting defendant to withdraw and amend its deemed admissions.
CONCLUSION
Because both Rule 36(b) elements are satisfied here, defendant's motion to withdraw or amend admissions, ECF No. 35, is GRANTED.

In addition to Rule 36, a motion under Rule 6 could also provide a basis for withdrawal or amendment of admissions deemed so based on untimeliness. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specific time, the court may for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). But defendant does not raise an excusable neglect argument under Rule 6. Nor does defendant argue for consideration of other discretionary factors. See Gwynn v. City of Phila. , 719 F.3d 295, 298 (3d Cir. 2013) (explaining that a motion to withdraw or amend admissions under Rule 36 may be evaluated under other discretionary factors, such as "whether the moving party can show good cause for the delay"). Accordingly, defendant's motion is analyzed only on the two elements set forth in Rule 36(b).

The relative ease of satisfying the first element suggests that requests for admission are most effectively used not to secure de facto default judgments, but rather to economize proof of certain facts. For instance, in litigation in which an employee seeks to prove that he or she came to work on time every day for a six-month span, that employee could serve document requests for time clock entries for each day in that period, but it would be more efficient, and likely more proportional, to serve a single request for admission of that fact. See Perez v. Miami-Dade Cty. , 297 F.3d 1255, 1268 (11th Cir. 2002) (explaining that "Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial. " (internal quotation marks omitted) ).

See also Sprague v. Fin. Credit Network, Inc ., 2018 WL 4616688, at *5 (E.D. Cal. Sept. 25, 2018) (granting motion before close of discovery when party served responses approximately two weeks late); Artemus v. Louie , 2016 WL 7386148, at *3 (N.D. Cal. Dec. 21, 2016) (granting motion before close of discovery when party served responses approximately one month late); Gauthe v. Mercer , 2015 WL. 5320651, at *3 (M.D. La. Sept. 11, 2015) (granting motion before close of discovery when party served responses approximately one month late); Perez v. Jie , 2014 WL 3810434, at *3 (W.D. Wash. Aug. 1, 2014) (granting motion before close of discovery when party served responses approximately two weeks late); Harden v. Target Corp. , 2009 WL 1456349, at *2 (S.D. Fla. May 22, 2009) (granting motion before close of discovery when party served responses less than a month late).